IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

v.            No. 4:23-CR-00153-01-JM
                 4:25-CV-01071-JM

**JOSHUA NELSON**                                                                  **DEFENDANT**

## ORDER

For the reasons set out below, Defendant Joshua Nelson's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 59) is DENIED.

### I. BACKGROUND

On May 22, 2024, Mr. Nelson pleaded guilty to being a felon in possession of a firearm.[1] On March 6, 2025, the Court sentenced Mr. Nelson to 105 months in prison.[2]

On October 14, 2025, Mr. Nelson filed a § 2255 motion asserting ineffective assistance of counsel because his received a higher sentence than his lawyer predicted, and his lawyer advised against appealing.[3] He also alleges that his conviction violates the Second Amendment.[4]

### II. DISCUSSION

     A.     **Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, Mr. Nelson must first show that his lawyer's performance fell below an objective standard of reasonableness.[5] He must

---

[1] Doc. Nos. 44, 50.

[2] Doc. Nos. 55, 56.

[3] Doc. No. 59.

[4] *Id.*

[5] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

1

identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[6]

Then, the Court must determine whether, considering all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[7] A defendant faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[8]

If a defendant establishes deficient performance by counsel, he still must establish prejudice.[9] This requires a defendant to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[10]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If a defendant fails to establish either part of the test, the remaining part need not be considered.[11]

Mr. Nelson argues that he was "threatened and coerced" into pleading guilty and his lawyer lied to him about the sentence he would receive.[12] These claims are refuted by Mr. Nelson's testimony at the plea and sentencing hearings where he affirmatively stated that he wanted to plead guilty, was voluntarily pleading guilty, thought it was in his best interest to plead

---

[6] *Id.* at 690.

[7] *Id.*

[8] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[9] *Strickland*, 466 U.S. at 694.

[10] *Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome.").

[11] *Stephen v. Smith*, 963 F.3d 795, 800 (8th Cir. 2020).

[12] Doc. No. 59.

guilty, and had not been threatened to plead guilty.[13]  Additionally, a lawyer's allegedly incorrect sentence prediction, standing alone, is insufficient to establish deficient performance.[14]  The Court advised Mr. Nelson of his maximum sentence exposure and also told him that if his sentence was higher than anticipated, that would not be a reason to withdraw his plea.[15]

Mr. Nelson also asserts that he wanted to appeal but his lawyer told him that appeal would cause the prosecutor to "go for a longer sentence" and that "the judge and prosecutor would play hard ball [and] give [him] 240 months."[16]  First, Mr. Nelson knew that he could not receive a 240-month sentence because the Court advised him at the plea hearing that his maximum exposure was 180 months.  Second, Mr. Nelson does not allege that he directed his lawyer to file an appeal.  "An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief."[17]  Mr. Nelson alleges only that he wanted to file, but his lawyer warned him of the potential negative consequences of appealing. He does not contend that he directed his lawyer to file an appeal, and the lawyer failed to do so.  Mr. Nelson's allegations are insufficient to state a claim.

---

[13] Doc. No. 50.

[14] *United States v. Nesgoda*, 559 F.3d 867, 770 n.2 (8th Cir. 2009) ("Counsel's incorrect estimate of a sentencing range was not ineffective assistance of counsel.") (citing *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994)); *United States v. Sweeney*, 878 F.2d 68, 70 (8th Cir. 1989) (district court affirmed where counsel predicted U.S.S.G. range of 21–27 months, but court found range of 51–63 months and sentenced defendant to 57 months).

[15] Doc. No. 50.

[16] Doc. No. 59.

[17] *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000).

**B.      Second Amendment Rights**

Mr. Nelson asserts that his conviction violates the Second Amendment.[18]  This claim is without merit.

With prior convictions for theft by receiving, possession of amphetamine, possession of a weapon by an incarcerated person, and felon in possession of a firearm,[19] Mr. Nelson is prohibited from possessing a firearm under 18 U.S.C. § 922(g)(1).  Despite Mr. Nelson's claims to the contrary, § 922(g)(1) remains valid law.[20]  If Mr. Nelson is arguing that his lawyer's failure to raise this argument amounted to deficient performance, the claim fails. A lawyer's failure to raise frivolous arguments does not support an ineffective assistance claim.[21]

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 59) is DENIED.

IT IS SO ORDERED this 24th day of November, 2025.

_____
UNITED STATES DISTRICT JUDGE

---

[18] Doc. No. 59.

[19] Doc. No. 2.

[20] See *United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024), cert. denied, 145 S. Ct. 2708 (reaffirming that 18 U.S.C. § 922(g)(1) is constitutional).

[21] *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curium) (holding that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance").